UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THE TRAVELERS INDEMNITY COMPANY

                        Plaintiff,

-against-

TRISURA SPECIALTY INSURANCE COMPANY

                        Defendant.
-------------------------------------------------------------------X

Case No. 1:22-cv-09900

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, The Travelers Indemnity Company ("Travelers"), by and through its undersigned counsel, as and for its Complaint against Defendant Trisura Specialty Insurance Company ("Trisura"), alleges upon information and belief as follows:

**NATURE OF THE ACTION**

1. Travelers is providing a defense to R.P. Brennan General Contractors & Builders, Inc. and Brennan Operating, Inc. ("R.P. Brennan") in a lawsuit entitled *Nicholas R. McLoughlin v. The City of New York, Forest City Pierrepoint Associates, R.P. Brennan General Contractors & Builders , Inc. and Brennan Operating, Inc.* in the Supreme Court of the State of New York, Kings County, Index no. 509207/2020 (the "Underlying Action").

2. In the instant action, Travelers seeks a declaration that Trisura is obligated to defend and indemnify R.P. Brennan, the City of New York ("City") and Forest City Pierrepont Associates ("FCPA") in the Underlying Action as additional insureds under the policy of insurance issued by Trisura to Statewide Demolition Corp. ("Statewide") on a primary, non-contributory basis, and that Travelers is entitled to judgment for all defense and indemnity costs incurred on behalf of R.P. Brennan , City and FCPA in the Underlying Action.

**PARTIES**

3. At all times relevant hereto, Travelers was and is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

4. Upon information and belief, at all times relevant hereto, Trisura is an admitted excess and surplus insurance carrier affiliated with Trisura Guarantee Insurance Company in Canada, with a principal place of business in Oklahoma.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. Section 1332 and 28 U.S.C. Section 2201.

6. In the Underlying Action, Nicholas R. McLoughlin ("Claimant") seeks recovery for alleged serious and permanent personal injuries. Therefore, the purported value of the Underlying Action exceeds $75,000.

7. Venue is proper in this Court, pursuant to 28 U.S.C. Section 1391(b), in that a substantial part of the events giving rise to this claim occurred in this judicial district.

8. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Trisura.

9. Travelers has no adequate remedy at law.

**THE RELEVANT POLICIES**

10. Trisura issued a general liability policy to Statewide bearing policy number EPM-WST1002-18 for the policy period August 24, 2018 to August 24, 2019 (the "Trisura Policy").

11. Subject to certain terms, conditions and exclusions, the Trisura Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

12. The Trisura Policy contains an additional insured endorsement which provides, in pertinent part:

> A. Section II – Who Is An Insured is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of your ongoing operations performed for that insured.

13. The Trisura Policy also includes an endorsement which provides, in pertinent part:

> Primary and Noncontributory Insurance
>
> This insurance is primary to and will not seek contribution from any other insurance available to an additional insured under your policy provided that
>
> (1) The additional insured is a Named Insured under such other insurance; and
>
> (2) You have agreed in writing in a contract or agreement that this insurance would be primary and would not seek contribution from any other insurance available to the additional insured.

14. Travelers issued a Commercial General Liability Policy to R.P. Brennan bearing policy number DT-CO-7129N851-TIA-17 for the policy period July 17, 2018 to July 17, 2019 (the "Travelers Policy").

15. Subject to certain terms, conditions and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

16. The Travelers Policy contains excess "other insurance" provisions that provide that coverage under the Travelers Policy is excess over any other coverage available where the Named Insured was added as an additional insured.

**BACKGROUND FACTS**

17. Claimant's alleged personal injuries arose out of construction activity at 300 Cadman Plaza West in Brooklyn, New York (the "Premises")

18. The applicable construction project at the Premises was the subject of an April 11, 2019 Purchase Order agreement between R.P. Brennan and FCPA ("Purchase Order").

19. Prior to entry into the Purchase Order agreement, R.P. Brennan entered in a March 28, 2019 subcontract with Statewide for construction services at the Premises (the "Subcontract").

20. Under the terms of the Subcontract, Statewide is obligated to identify R.P. Brennan as an additional insured under Statewide's comprehensive general liability policy.

21. In the Underlying Action, Claimant alleges that, on or about May 16, 2019, he was using a crowbar to dislodge and move a steel plate at the Premises, with this activity resulting in his alleged personal injuries.

22. Travelers is defending R.P. Brennan in connection with the Underlying Action.

23. In the Underlying Action, Claimant seeks to impose liability on R.P. Brennan, City and FCPA for alleged bodily injury which arose out of Claimant's May 16, 2019 construction activities at the Premises.

**TENDER TO TRISURA**

24. By correspondence dated July 9, 2020, Travelers tendered the defense and indemnification of R.P. Brennan, City and FCPA with respect to the Underlying Action to Statewide and Trisura.

25. Trisura, in its own right or through Statewide, has failed to accept Travelers' tender of the defense and indemnification of R.P. Brennan, City and FCPA with respect to the Underlying Action.

## CAUSE OF ACTION FOR DECLARATORY RELIEF

26. Travelers repeats, realleges and incorporates each and every allegation contained in paragraphs "1" through "25" above as if fully set forth herein.

27. R.P. Brennan, City and FCPA qualify as additional insureds under the Trisura Policy with respect to the Underlying Action.

28. The coverages provided to R.P. Brennan, City and FCPA under the Trisura Policy are primary to, and non-contributory with, any coverage provided by the Travelers Policy with respect to the Underlying Action.

29. Accordingly, Travelers seeks a declaration that Trisura has an obligation to defend and indemnify R.P. Brennan, City and FCPA in the Underlying Action as additional insureds under the Trisura Policy; that the coverages provided by the Trisura Policy to R.P. Brennan, City and FCPA are primary; and that the obligations of Travelers to R.P. Brennan are excess to proper exhaustion and full payment of the limits of the Trisura Policy.

30. In addition, Travelers seeks an award at law and in equity against Trisura for recovery of all sums Travelers has paid and continues to pay in the defense of R.P. Brennan in the Underlying Action because the coverages provided by the Trisura Policy are primary to any coverage provided by Travelers.

**PRAYER FOR DECLARATORY RELIEF**

WHEREFORE, Plaintiff Travelers respectfully requests that this Court issue judgment as follows:

1. Declaring that the Trisura Policy was in full force and effect on the date of the injury alleged by Claimant in the Underlying Action;

2. Declaring that all terms and conditions of the Trisura Policy have been met;

3. Declaring that the Underlying Action and the alleged accident upon which it is based fall within the coverage afforded by the Trisura Policy;

4. Declaring that Defendant Trisura owes a duty to defend R.P. Brennan, City and FCPA in connection with the Underlying Action;

5. Declaring that Defendant Trisura owes a duty to indemnify R.P. Brennan, City and FCPA in connection with the Underlying Action;

6. Declaring that Defendant Trisura's coverage obligations to R.P. Brennan, City and FCPA with respect to the Underlying Action are primary;

7. Declaring that Plaintiff Travelers' coverage obligations under the Travelers Policy toward R.P. Brennan with respect to the Underlying Action are excess to those of Defendant Trisura;

8. Declaring that an actual controversy exists between Plaintiff Travelers and Defendant Trisura with respect to Trisura's duty to defend and indemnify R.P. Brennan, City and FCPA in connection with the Underlying Action;

9. Awarding judgment against Trisura in an amount equal to the sums that Travelers incurred and continues to incur in defending the claims against R.P. Brennan in the Underlying Action;

10. Granting an award in favor of Travelers for the costs of suit incurred herein; and

11. Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
November 21, 2022

                          USERY & ASSOCIATES

By: */s/ Michael E. Buckley*

      Michael E. Buckley
      Direct: 917.778.6411
      Fax: 844.571.3789
      Email: mbuckle4@travelers.com

      <u>Please address all correspondence sent by mail to:</u>
      P.O. Box 2996
      Hartford, CT 06104-2996

      <u>Physical Address</u>:
      485 Lexington Avenue, 6th Floor
      New York NY 10017